

# The Attorney General of Texas

December 19, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P O Box 12548
Austin. TX 78711
512/475-2501

701 Commerce. Suite 200
Dallas. TX 75202
214/742-8944

4824 Alberta Ave . Suite 160
El Paso. TX 79905
915/533-3484

723 Main. Suite 610
Houston. TX 77002
713/228-0701

806 Broadway Suite 312
Lubbock. TX 79401
806/747-5238

4313 N. Tenth. Suite F
McAllen. TX 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio. TX 78205
512/225-4191

An Equal Opportunity'
Affirmative Action Employer

Honorable Robert E. Stewart
Commissioner
Department of Banking
2601 North Lamar
Austin, Texas 78705

Opinion No. H-1292

Re: Whether financial institutions including banks, may participate on a fee basis in a cash dispensing machine network operated by a corporate vendor without violating branch banking prohibitions.

Dear Commissioner Stewart:

You have requested our opinion as to whether financial institutions, including banks, may participate in a cash dispensing machine network on a fee basis, without violating article 16, section 16 of the Texas Constitution, which prohibits branch banking, and article 342-903, V.T.C.S., which implements the constitutional provision. As this branch banking prohibition is applicable to banks only, we will not here consider the effect of the participation of other financial institutions, such as savings and loan associations and credit unions, since their ability to participate in such programs is derived from their respective statutes.

As we understand the network, as described in a proposal submitted to you, a corporate vendor desires to contract with financial institutions such as banks, savings and loan associations and credit unions, to provide a cash dispensing machine network to the customers of such institutions. The corporate vendor proposes to own, maintain and control the network, to provide all money used and to assume all risks of loss. The machines will be located in retail stores, shopping centers and other convenient locations. Customers will gain access to the machines through use of magnetically encoded cards, including major credit cards. The sole function of the machines will be to dispense cash. The corporate vendor proposes to assess both the customer and the financial institution a fee for use of the network.

In Attorney General Opinion H-277 (1974), we said that banks which participated in a cash dispensing machine network operated by retail stores did not thereby violate the constitutional prohibition against branch banking, since the stores provided the cash and assumed all risk of loss. Except for the

fee element, the relationship between the banks and the corporate vendor in the present instance is identical to the relationship between the banks and the retail merchants in Opinion H-277. It has been suggested that the payment of such fees may give rise to an agency relationship between the bank and the corporate vendor, thus converting each cash dispensing machine into an unlawful branch bank; however, Texas courts have held that the mere payment of money does not automatically create an agency relationship. Carruth v. Valley Ready-Mix Concrete Co., 221 S.W.2d 584, 592 (Tex. Civ. App. — Eastland 1949, writ ref'd). Here the corporate vendor has no ownership interest in the financial institutions involved, either direct or indirect, and its services are open to all banks and other qualified institutions. On the facts you have presented to us, we believe it is clear that the corporate vendor would not be an agent of the bank, and we believe that the participating banks would not be engaged in branch banking.

In Attorney General Opinion H-277, we were also asked to determine whether a store which operated a cash dispensing machine was unlawfully engaged in banking. Although you have not posed that question, in our opinion its resolution is essential to this inquiry.

The retail stores in Opinion H-277 were merely making use of sophisticated electronic equipment to assist them in performing a traditional function of many retail establishments, that of cashing checks for customers. The substitution of a computerized machine, connected by telephone lines to a customer's bank, for a merchant's telephone call to the bank for the purpose of verifying a customer's account before cashing his check, was not deemed a controlling distinction, nor do we believe it to be in the present instance. The only real difference in the two situations arises with regard to the primary activity of the two entities which dispense cash to their customers. To the retail merchant, check cashing is ordinarily incidental to his primary business activity. To the corporate vendor operating a cash dispensing machine, the dispensing of cash is not only its primary, but its only business activity.

In Brenham Production Credit Ass'n v. Zeiss, 264 S.W.2d 95 (Tex. 1953), the Supreme Court held that a production credit association was not a banking corporation for purposes of article 7166, V.T.C.S., merely because it lent money to customers. The court observed:

> Historically a bank served merely as a place for the safekeeping of the depositors' money and even now that is a primary function of a bank. 9 C.J.S., Banks and Banking, § 3, page 31. The term 'bank' now by reason of the development and expansion of the banking business does not lend itself to an exact definition. 7 Am. Jur., Banks, § 2.
>
> In Kaliski v. Gossett, Tex. Civ. App., 109 S.W.2d 340, 344, wr. ref., the following is quoted with approval from In re

Prudence Co., 2 Cir., 79 F.2d 77: 'Strictly speaking the term bank implies a place for the deposit of money, as that is the most obvious purpose of such an institution.'

In Warren v. Shook, 91 U.S. 704, 23 L.Ed. 421, the court observes that 'having a place of business where deposits are received and paid out on checks and where money is loaned upon security is the substance of the business of a banker.'

While, of course, the lending of money is one of the principal functions of a bank, nevertheless there are many agencies authorized by both state and federal governments to lend money, which are not banks nor considered as such. . . .

264 S.W.2d at 97. Thus, the mere act of lending money does not, absent the other two primary banking functions -- cashing checks and receiving deposits -- render an institution a bank. It would seem to follow that the mere act of cashing checks, without the concomitant activities of lending money and receiving deposits, is likewise insufficient to permit characterization of a particular institution as a "bank." See also Great Plains Life Insurance Co. v. First National Bank of Lubbock, 316 S.W.2d 98 (Tex. Civ. App. — Amarillo 1958, writ ref'd n.r.e.); Attorney General Opinions H-1039 (1977); M-849 (1971); Letter Advisory No. 96 (1975). Since the sole function of the machines at issue here is the dispensing of cash, we conclude that, under the facts you have furnished us, a corporate vendor operating such a machine would not be engaged in banking in violation of Texas law.

### SUMMARY

On the basis of the facts presented, a bank may participate on a fee basis in a cash dispensing machine network operated by a corporate vendor without violating the constitutional prohibition against branch banking, and without the corporate vendor's thereby being deemed a bank.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn